**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEFFREY SCUDDER <br> 44069 Chadds Ford Court <br> Ashburn, Virginia 20147 <br> <br> and <br> <br> KEN OSGOOD <br> 14542 W. Archer Avenue <br> Golden, CO 80401 <br> <br> and <br> <br> HUGH WILFORD <br> Department of History <br> California State University, Long Beach <br> 1250 Bellflower Blvd. <br> Long Beach, California 90840 <br> <br> and <br> <br> MARK STOUT <br> John Hopkins University <br> Krieger School of Arts and Sciences <br> 1717 Massachusetts Avenue, NW <br> Suite 104 <br> Washington, D.C. 20036 <br> <br> Plaintiffs <br> <br> v. <br> <br> CENTRAL INTELLIGENCE AGENCY <br> Washington, D.C. 20505 <br> <br> Defendant. | Civil Action No. 16-1917 |

**COMPLAINT**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, for the disclosure of agency records held by the defendant

Central Intelligence Agency.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Jeffrey Scudder ("Mr. Scudder") is an American citizen and resident of Virginia. He is a retired former Federal employee, having worked for over two decades for the Federal Bureau of Investigation ("FBI") and the Central Intelligence Agency ("CIA").

4. Plaintiff Ken Osgood ("Professor Osgood") is an American citizen and resident of Colorado. Professor Osgood works at the Colorado School of Mines, in the Division of Liberal Arts and International Studies.

5. Plaintiff Hugh Wilford ("Professor Wilford") is an American citizen and resident of California. Professor Wilford works at California State University, Long Beach, in the Department of History.

6. Plaintiff Mark Stout ("Dr. Stout") is an American citizen and resident of Virginia. Dr. Stout works at John Hopkins University in the Krieger School of Arts and Sciences.

7. Defendant CIA is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by Mr. Scudder, Professor Osgood, Professor Wilford, and Dr. Stout (hereinafter "the Requesters") that are the subject of this action.

**FACTUAL INFORMATION**

*Background Context of Electronic Production Dispute*

8. The FOIA requires federal agencies to make requested records promptly available. See 5 U.S.C. § 552(a)(3)(A). The FOIA further obligates agencies to make the requested records available "in any form or format requested by the person if the record is readily reproducible by the agency in that form or format." See 5 U.S.C. § 552 (a)(3)(B).

9. Notwithstanding that legislative language, CIA remains the worst offender of the statutory requirement to produce electronic copies of responsive records when readily reproducible. In the history of FOIA, and upon information and belief, the CIA has produced electronic copies of responsive records on less than five total occasions. *Ever*.

10. Mr. Scudder is one of the few that has managed to compel production by the CIA of electronic copies of records sought under FOIA. Two years ago, U.S. District Court Judge Beryl A. Howell ("Judge Howell") denied CIA's attempt to dismiss a lawsuit brought by Mr. Scudder's seeking electronic copies of 419 *Studies in Intelligence* articles that had been declassified by CIA. Scudder v. CIA, 25 F. Supp. 3d 19 (D.D.C. 2014).

11. Judge Howell stated the following in rejecting CIA's initial blanket argument that it could not be compelled to produce records in electronic format.

> In sum, the *defendant is incorrect that an agency need only produce records in a particular format requested if the agency already keeps its records in that format.* The plain language of 5 U.S.C § 552(a)(3)(B), as confirmed by the DOJ's guidance to agencies regarding compliance with this subsection, requires agencies to provide records in requested formats, which are "readily reproducible" for the agency, whether or not the record is maintained by the agency in that format. The DOJ opined, as common sense dictates, that when the requested format is an existing format for responsive records within the agency, it would be a "highly unusual" case where the records would not thereby be "readily reproducible." When the

> requester seeks production of responsive records in a format that is different from that in which the records are maintained, the "readily reproducible" requirement still applies and is informed by the second sentence of the subsection, directing the agency to engage in "reasonable efforts" to comply.
>
> In sum, "readily reproducible" is not, as the plaintiff contends, synonymous with "technical feasible." The Court may consider the burden on the defendant in determining whether the documents at issue are "readily reproducible" in the format the plaintiff requests. Nevertheless, the *defendant is incorrect when it asserts that the Court must acquiesce to the defendant's determination as to what is "readily reproducible."* Rather, the Court must consider the evidence presented by the parties and determine if, read in light of the opposing party's evidence, either party is entitled to summary judgment because there are no material facts in dispute.

Scudder, 25 F. Supp. 3d at 38 (emphasis added)(footnote omitted).

12. Judge Howell subsequently concluded that Mr. Scudder – relying upon his professional knowledge of and experience working with the CIA's Automated Declassification and Release Environment ("CADRE") system – had provided sufficient evidence to overcome the "substantial weight" accorded to the CIA's affidavits claiming that the requested records were not readily reproducible in electronic format. Scudder, 25 F. Supp. 3d at 39. Judge Howell identified several disputed genuine issues of material fact concerning whether the requested records were in fact "readily reproducible", and that fell within the scope of both the "technical feasibility" of producing electronic copies and the burden that would be imposed upon the CIA in doing so. Id. at 43-49.

13. Judge Howell concluded that CIA had failed to resolve whether the technical "infeasibility" of producing electronic copies of responsive records was due to its specific production process. Scudder, 25 F. Supp. 3d at 43. Judge Howell further noted that the CIA had not resolved the matter of whether the agency's production process for electronic copies of records was unnecessarily duplicative, as well as whether it

represented a reasonable effort by the CIA to fulfill FOIA's mandate to produce electronic copies when readily reproducible. Id. at 45-47.

14. Finally, Judge Howell addressed the evolving rationale espoused by the CIA for why it need not produce responsive records in electronic format, noting that the agency had provided inconsistent and discrepant explanations in a separate proceeding, Nat'l Sec. Counselors v. CIA, 2013 U.S. Dist. LEXIS 115184 (D.D.C. Aug. 15, 2013). See Scudder, 25 F. Supp. 3d at 48-49; see also id. at 49 ("They do not resolve the inconsistencies between the Viscuso Declarations and the Lutz Declarations pertaining to the procedures for producing electronic records.").

15. Judge Howell's ultimate determination was to authorize discovery, see Scudder, 25 F. Supp. 3d at 52, something which remains exceedingly rare in FOIA cases. The litigation was ultimately settled prior to discovery commencing, namely due to CIA's decision to produce the specifically-requested *Studies in Intelligence* articles to Mr. Scudder in electronic format. The CIA similarly was able to resolve the electronic production dispute in the Nat'l Sec. Counselors litigation by producing the requested records in electronic format.

*Current Dispute*

16. Mr. Scudder, joined by three esteemed members of the academic community, now seeks through this new FOIA litigation to resolve once and for all whether CIA's electronic production policy inextricably conflicts with the agency's obligations under FOIA. A new FOIA request – outlined below – seeking electronic copies of historical CIA records is ripe for adjudication by this Court. Through this litigation, Mr. Scudder

and his colleagues seek to bring CIA's refusal to adhere to the letter – to say nothing of the spirit – of FOIA to an end.

## FIRST CAUSE OF ACTION

17. By letter dated July 27, 2016, the Requesters submitted a FOIA request to CIA. The request sought electronic copies of 386 CIA documents identified in an attached Excel spreadsheet. All of the 386 documents were historical documents that had never previously been made available in electronic format. The Requesters sought a fee waiver or, at a minimum, a reduction in fees, particularly due to their qualification for educational fee requester status. The Requesters also clarified that they would only accept electronic copies of the requested records.

18. By separate letters dated August 5, 2016, CIA informed the Requesters that the FOIA request had been received and that the agency was assigning separate reference numbers to the four requesters. CIA assigned FOIA Case Number F-2016-02310 to Mr. Scudder, F-2016-02328 to Professor Osgood, F-2016-02329 to Professor Wilford, and F-2016-02330 to Dr. Stout.

19. As far more than twenty working days have elapsed without a substantive response from CIA, the Requesters have constructively exhausted all required administrative remedies.

20. The Requesters have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by CIA of said right.

## SECOND CAUSE OF ACTION

21. The Requesters reallege paragraphs 17 and 18.

22. Outside of rare instances compelled by litigation, such as outlined above in

paragraph 15, the CIA maintains a policy of categorically and uniformly concluding that records requested under FOIA are not readily reproducible in electronic format.

23. A policy, practice, or standard operating procedure of uniformly refusing to provide responsive records in electronic format is in violation of FOIA. Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court. Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

24. The Requesters stand to continue to be harmed by this ongoing policy in the future.

25. The Requesters are therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA to utilize a more reasonable FOIA processing system that is in compliance with the electronic records provision of FOIA.

WHEREFORE, plaintiffs Jeffrey Scudder, Ken Osgood, Hugh Wilford, and Mark Stout pray that this Court:

(1) Orders the defendant to disclose the requested records in their entirety and make electronic copies promptly available to the plaintiffs;

(2) Declare as unlawful the defendant's current policy, practice or standard operating procedure of determining if requested records are readily reproducible in electronic format, and thereafter compel CIA to produce any future records in electronic format if requested;

(3) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(4) Expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(5) Grant such other relief as the Court may deem just and proper.

Date:   September 28, 2016

                                   Respectfully submitted,

                                   /s/
                            _____

                            Bradley P. Moss, Esq.
                            D.C. Bar #975905
                            Mark S. Zaid, Esq.
                            D.C. Bar #440532
                            Mark S. Zaid, P.C.
                            1250 Connecticut Avenue, N.W.
                            Suite 200
                            Washington, D.C. 20036
                            (202) 454-2809
                            (202) 330-5610 fax
                            Brad@MarkZaid.com
                            Mark@MarkZaid.com

                            Attorneys for Plaintiffs