**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JEFFREY SCUDDER <u>et al.</u>, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 16-1917 (RDM) |
| CENTRAL INTELLIGENCE AGENCY, | * * * | |
| Defendant. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF PLAINTIFFS' MOTION**
**<u>FOR LEAVE TO FILE FIRST AMENDED COMPLAINT</u>**

NOW COME plaintiffs Jeffrey Scudder, Ken Osgood, Hugh Wilford, and Mark Stout (collectively referred to as "the Plaintiffs"), by and through the undersigned, to respectfully move the Court for leave to file a First Amended Complaint. The Plaintiffs have brought this action under the Freedom of Information Act ("FOIA") in order to, among other things, challenge the legality of the blanket policy of the defendant Central Intelligence Agency ("CIA") to refuse to produce copies of responsive records in electronic format. The Plaintiffs now seek leave of this Court to file a First Amended Complaint in order to resolve a potential factual deficiency in the original Complaint.

The undersigned attempted to contact counsel for the CIA today regarding this Motion but, in light of the Federal holiday, a response has not yet been received. For the reasons described below, however, the Plaintiffs' Motion for Leave to File First

Amended Complaint ("Motion for Leave") should be granted and the First Amended Complaint should be accepted.[1]

## ARGUMENT

The D.C. Circuit has defined "supplemental pleadings" for purposes of Rule 15(d) of the Federal Rules of Civil Procedure as setting forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Hall v. CIA, 437 F.3d 94, 100 (D.C. Cir. 2006). Rule 15(d) is used to "set forth new facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original complaint or answer was filed; [or] to include new parties where subsequent events have made it necessary to do so." See United States v. Hicks, 283 F.3d 380, 385 (D.C. Cir. 2002).

This Court has broad discretion to determine whether to allow supplemental pleadings. See Jones v. Bernanke, 685 F. Supp. 2d 31, 35 (D.D.C. 2010). Courts resolve Rule 15(d) motions under the same standard as they resolve motions to amend under Rule 15(a). See Wildearth Guardians v. Kempthorne, 592 F. Supp. 2d 18, 23 (D.D.C. 2008). Leave should be given freely, but not automatically, when justice so requires. See id. The defendant bears the burden of demonstrating why leave should not be granted. See Tereshchuk v. Bureau of Prisons, 851 F. Supp. 2d 157, 162 n.6 (D.D.C. 2012), citing LaPrade v. Abramson, 2006 U.S. Dist. LEXIS 86431 at *10 (D.D.C. Nov. 29, 2016).

---

[1] Because the Plaintiffs wholeheartedly believe their substantive arguments alone should serve to defeat CIA's Partial Motion to Dismiss, see Dkt. No. 5, they respectfully ask that this Court rule first on that Motion. That said, as a technical precaution the Plaintiffs do offer this Amended Complaint to further demonstrate that CIA's blanket policy to refuse to produce electronic records remains in effect.

2

The Plaintiffs' Motion for Leave is meant to specifically and exclusively address an alleged factual deficiency in the original Complaint that was raised in CIA's pending Partial Motion to Dismiss. See Dkt. No. 5 at *11 n.3. Specifically, CIA argues that the Complaint failed to properly allege a sufficient likelihood of future harm by the policy or practice. Id.

The particular standard at issue here was more rather concisely addressed in separate litigation, and is detailed below.

> When a plaintiff seeks either injunctive or declaratory relief, it "must show [it] is suffering an ongoing injury or faces an immediate threat of injury." When a plaintiff seeks injunctive or declaratory relief specifically for the purpose of challenging an alleged policy or practice of a government agency, it must also demonstrate that it is "realistically threatened by a repetition of [its] experience." To plead a "threat of repetition," a plaintiff must make "more than a nebulous assertion of the existence of a 'policy,'" and that it is "likely to be subjected to the policy again." This threat must be "real and immediate," or, alternatively, "realistic[]" in nature.

Nat'l Sec. Counselors v. CIA, 898 F. Supp. 2d 233, 260 (D.D.C. 2012)(internal citations omitted).

The Amended Complaint regarding which the Plaintiffs are now seeking leave of this Court to file addresses this exact issue. It states that the Plaintiffs filed new FOIA requests on December 29, 2016, with CIA. Exhibit "1" at ¶¶17, 25; see also Exhibit "2" (copy of FOIA requests). Those new FOIA requests explicitly seek *only* electronic copies of responsive records, see Exhibit "2", and will therefore be impacted by the categorical CIA blanket policy to refuse to process electronic copies (as explained in the Plaintiffs' separate response being contemporaneously filed with respect to CIA's Partial Motion to Dismiss). In short, this supplemental information rectifies any perceived factual pleading gap with respect to the likelihood that the Plaintiffs will face future injury as a result of

CIA's pattern or practice, namely that the Plaintiffs will once again be deprived of their statutory right to electronic copies of responsive records where readily reproducible.

No other substantive changes have been made to the Amended Complaint compared to the original Complaint. The only other edits simply renumber paragraphs in light of the insertion of new information.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Leave to File First Amended Complaint should respectfully be granted.

Date: January 2, 2017

                                              Respectfully submitted,

                                                   /s/
                                            _____
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Mark@MarkZaid.com
Brad@MarkZaid.com

Attorneys for the Plaintiffs