# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **JEFFREY SCUDDER** *et al.*, |
| Plaintiffs, |
| v. |
| **CENTRAL INTELLIGENCE AGENCY**, |
| Defendant. |

Case No. 1:16-cv-01917 (TNM)

## MEMORANDUM OPINION

Plaintiffs Jeffrey Scudder, Ken Osgood, Hugh Wilford, and Mark Stout (collectively, "Plaintiffs") filed a two-count complaint against defendant Central Intelligence Agency (the "Defendant" or "CIA"), seeking a court order for the production of 386 documents electronically and a declaration that the Defendant's alleged policy or practice in determining whether documents are "readily reproducible" in electronic format is unlawful under the Freedom of Information Act ("FOIA"). Am. Compl. 7-8; *see also* 5 U.S.C. § 552(a)(3)(B) (requiring an agency to "provide the record in any form or format requested by the person if the record is readily producible by the agency in that form or format"); *Payne Enter., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988) (holding that the disclosure of documents pursuant to a specific FOIA request does "not moot a claim that an agency *policy or practice* will impair the party's lawful access to information in the future."). Pending before the Court is the Defendant's motion to dismiss Count II, Plaintiffs' policy or practice claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Partial Mot. to Dismiss 18. Having confirmed that jurisdiction and venue is proper in this Court,[1] and upon consideration of the pleadings, relevant law, and related legal

---

[1] *See* 5 U.S.C. § 552(a)(4)(B); 28 U.S.C. §§ 1331, 1391.

1

memoranda in opposition and in support, I find that Count II should be dismissed for failure to state a claim upon which relief can be granted. Accordingly, the Defendant's motion is GRANTED, and Count II of the Amended Complaint is DISMISSED WITHOUT PREJUDICE.

## I.  Background

Plaintiffs are four American citizens, including Mr. Scudder, a former employee of the Defendant; and Messrs. Osgood, Wilford, and Stout, professors at various universities in the United States. Am. Compl. ¶¶ 3-6. Mr. Scudder is well-versed in FOIA litigation against the Defendant, having previously litigated against the CIA in this district which resulted in the electronic production of certain articles. *See* Am. Compl. ¶ 10. Plaintiffs aver that this is among "the few" instances where FOIA requestors have received electronic productions from the Defendant, and believe that the Defendant has produced electronic copies of responsive records on fewer than five occasions total, making it the "worst offender of the statutory requirement to produce electronic copies of responsive records when readily reproducible." Am. Compl. ¶¶ 9-10.

Plaintiffs, through a FOIA request to the Defendant dated July 27, 2016, now seek the production of 386 documents by electronic means only. Am. Compl. ¶ 18. After the Defendant did not respond within the statutorily required 20-day time period,[2] Plaintiffs brought this action to: (1) compel electronic production of the requested documents and (2) "resolve once and for all" whether the Defendant improperly maintains a categorical policy or practice of not producing documents electronically as requested. Am. Compl. ¶¶ 16, 20. Subsequent to the start of this litigation, Plaintiffs submitted two new FOIA requests for electronic copies of particular

---

[2] *See* 5 U.S.C. § 552(a)(6)(A)(i). Plaintiffs have therefore constructively exhausted all required administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i).

2

CIA records, and argue that a declaratory order is necessary to protect against the "likely refusal" by the Defendant to produce the requested documents electronically. Am. Compl. ¶¶ 17, 25. The Defendant's motion to dismiss Count II is now ripe for adjudication.

## II.  Legal Standard

A party may move to dismiss a complaint, or a specific count therein, on the ground that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requires the complaint to contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is insufficient if it merely offers "'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 546). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, and pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 545-46.

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all reasonable factual inferences drawn from well-pled factual allegations. *See In re United Mine Workers of Am. Emp. Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994). The Court does not accept as true legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by

3

mere conclusory statements." *Iqbal*, 556 U.S. at 678. Last, "[i]n determining whether a complaint fails to state a claim, [the court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *Hurd v. District of Columbia Gov't*, 864 F.3d 671, 678 (D.C. Cir. 2017) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)).

### III. Analysis

#### A. The Complaint Fails to Meet Fed. R. Civ. P's 12(b)(6) Pleading Standard

Even accepting as true all reasonable factual inferences from well-pled factual allegations, the complaint fails to adequately plead that the CIA has a policy or practice of categorically refusing to release records responsive to FOIA requests in electronic format. Although it asserts, in conclusory fashion, that the CIA has a policy of refusing to release responsive records in electronic format, Am. Compl. ¶ 23-24, the complaint is devoid of facts sufficient to advance this allegation from being possible to plausible. *See Iqbal*, 556 U.S. at 678. To the contrary, the facts pled in the complaint undercut this claim. Plaintiffs plead that the CIA produced requested records in electronic format in at least two instances in recent years, Am. Compl. ¶ 15, and concede that the CIA has produced requested records in electronic format in other instances as well. *See* Am. Compl. ¶ 9. The reasonable factual inference to be drawn from these allegations is that the CIA has produced documents electronically on several occasions, and not, as Plaintiffs have asserted, that the CIA has categorically refused electronic production of responsive documents.

The complaint is further devoid of facts to support Plaintiffs' claim that the CIA has a policy or practice of not producing requested records in electronic format where readily

reproducible. For example, Plaintiffs do not allege any instance where a requestor did not receive the documents requested in electronic format; or, more significantly, any instance where a requestor improperly did not receive the documents in electronic format as requested. By alleging that there have only been a few instances where the CIA has produced responsive records electronically, Plaintiffs, at best, plead facts "merely consistent with" liability, which is well-settled as insufficient. *See Iqbal*, 556 U.S. at 678.

To factually support their claim, Plaintiffs offer a declaration submitted during Mr. Scudder's prior FOIA litigation against the CIA and quote extensively from a decision by now-Chief Judge Howell in this district denying summary judgment during that litigation. *See* Am. Compl. ¶¶ 11-15, Mem. in Opp'n to Def.'s Partial Mot. to Dismiss 4-5. The document and passages upon which Plaintiffs rely, however, do not provide the factual bases needed for the claim to survive a motion to dismiss for failure to state a claim.

Plaintiffs present a declaration executed in July 2013 by Martha M. Lutz, Chief of the Litigation Support Unit of the CIA,[3] to assert that the CIA has already admitted that it maintains a policy of categorically denying the electronic production of responsive documents. Mem. in Opp'n to Def.'s Partial Mot. to Dismiss 5; *id.* Ex. 1 ("Lutz Declaration"). Despite Plaintiffs' emphatic contention, the Lutz Declaration does not admit, as a matter of fact, that the CIA has a categorical policy or practice of denying FOIA requests for electronic production. Instead, the Lutz Declaration explains how the CIA's information systems worked at the time the declaration was executed and the technological difficulties of electronically producing the documents then being requested by Mr. Scudder. The declaration concludes, "Accordingly, the CIA has determined that records are not readily reproducible in an electronic format and, as such, cannot

---

[3] Ms. Lutz's current employment status in this position and/or with the Defendant is unknown.

5

comply with plaintiff's stated preference of receiving documents on DVD instead of paper." Lutz Declaration ¶ 16. Thus, the Lutz Declaration does not provide factual support for the assertion that the Defendant admitted to maintaining a policy in violation of FOIA, either at the time of the declaration, and much less so that it continues to do so today, nearly five years later.

Plaintiffs also emphasize a March 12, 2014 memorandum opinion written by Chief Judge Howell in Mr. Scudder's prior litigation against the CIA denying cross-motions for summary judgment and granting Mr. Scudder's motion for discovery. In particular, Plaintiffs rely on Chief Judge Howell's summary of the CIA's apparent position that, "[i]n essence, the defendant argues that it is *de facto* exempt from the requirements of 5 U.S.C. § 552(a)(3)(B)." *Scudder v. Central Intelligence Agency*, 25 F. Supp. 3d 19, 22 (D.D.C. 2014) ("*Scudder I*"). Plaintiff quotes this passage as positive proof that the Defendant "maintains a practice of *always* refusing to produce records in electronic format." Mem. in Opp'n to Def.'s Partial Mot. to Dismiss 4. However, nowhere in Chief Judge Howell's opinion is there a finding of fact on this issue and the opinion is not a judgment on the merits. Rather, the opinion denied the parties' cross-motions for summary judgment, finding that there were issues of material fact to be resolved. *Scudder I*, at 52. Plaintiff provides no other support to plausibly indicate that the CIA at the time categorically rejected all requests for electronic production as a matter of policy or practice; and, in any event, the Defendant ultimately electronically produced the non-exempt documents requested by Mr. Scudder. *See id.*; Am. Compl. ¶ 10. I cannot reasonably impute Chief Judge Howell's summary of the Defendant's apparent litigating position in a case from several years ago as fact of the Defendant's current policy or practice, which is the focus of this lawsuit.

## B. The Complaint Fails to Plead Facts Sufficient to Establish a Plausible "Policy or Practice" Claim

In this Circuit, a plaintiff can challenge an agency policy or practice that results in repeated FOIA violations. This cause of action was first recognized in *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988), and it requires that a plaintiff plausibly allege "that the agency has adopted, endorsed, or implemented some policy or practice that constitutes an ongoing 'failure to abide by the terms of the FOIA.'" *Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 293 (D.D.C. 2013) (quoting *Payne Enterprises*, 837 F.2d at 491). Further, other judges in this district have found the allegation of a single FOIA violation insufficient as a matter of law to state a policy or practice claim. *See, e.g., Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 72 (D.D.C. 2016); *Muttitt v. United States Cent. Command*, 813 F. Supp. 2d 221, 231 (D.D.C. 2011).

Plaintiffs' complaint fails to establish a plausible policy or practice claim for several reasons. First, the complaint does not plausibly allege that the CIA has an improper categorical policy or practice of refusing to produce requested documents in electronic format where readily producible. As explained above, Plaintiffs do not provide facts sufficient to support this claim; to the contrary, the reasonable inference to be drawn from the complaint is that the Defendant has indeed produced documents in electronic format in recent years. Further, the Plaintiffs do not provide any factual support for the proposition that these instances are the exception in cases where a requestor seeks documents in electronic format. Without more, the claim remains merely possible and not plausible. Second, Plaintiffs have not adequately pled that the CIA's alleged improper policy or practice is ongoing. The only reference Plaintiffs make in their complaint on this issue is on the second-to-last page, where Plaintiffs claim that they will "continue to be harmed by this ongoing policy in the future." Am. Compl. ¶ 25. However, in

their opposition brief, Plaintiffs profess that the alleged policy or practice is "presumably" ongoing while simultaneously acknowledging that Mr. Scudder's lawsuit and the *Scudder I* litigation occurred several years ago. Mem. in Opp'n to Def.'s Partial Mot. to Dismiss 5. Plaintiffs' conclusory assertion of an ongoing policy is a "naked assertion devoid of further factual enhancement," *see Iqbal*, 556 U.S. at 678, and is insufficient to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Third, policy or practice cases in this district since *Payne Enterprises* have required plaintiffs to show more than one violation of FOIA. *See, e.g.*, *Eggleston*, 224 F. Supp. 3d at 72; *Muttitt v. United States Cent. Command*, 813 F. Supp. 2d at 231. This is based on *Payne Enterprises*' holding that a pattern or practice claim is viable "[s]o long as an agency's refusal to supply information evidences a policy or practice of delayed disclosure or some other failure to abide by the terms of the FOIA, and not merely isolated mistakes by agency officials." 837 F.2d at 491. Plaintiffs in this matter have not alleged any instance where the Defendant was found to have violated FOIA—or even a specific instance where the Defendant allegedly violated FOIA—by failing to provide the requested information electronically where readily producible. Indeed, because this lawsuit and the First Amended Complaint were filed prior to the Defendant's response to Plaintiffs' FOIA claims, it is not even clear in this case that the Defendant will respond that the documents sought are not readily producible in electronic format, or not otherwise produce the non-exempt records requested by the Plaintiffs in electronic format.

Last, the type of conduct alleged by Plaintiffs is a far cry from the egregious and intentional conduct implicated in prior policy or practice claims. In *Payne Enterprises*, the government officers involved repeatedly refused to produce the documents requested, even after the Secretary of the Air Force concluded that the documents could not be withheld pursuant to

any statutory exemption. *Id.* at 487. In that case, the requests were refused for nearly two years, and remained unfulfilled even after the Secretary's Office admonished the officers for their refusals to grant the requests. *Id.* at 494. In contrast, here, Plaintiffs have not sufficiently alleged that the Defendant is intentionally engaging in improper conduct, much less the intentional, long-enduring egregious misconduct involved at issue in *Payne Enterprises*. In *Newport Aeronautical Sales v. Dep't of the Air Force*, 684 F.3d 160, 164 (D.C. Cir. 2012), the plaintiffs challenged an established Air Force policy of denying the production of certain data under FOIA, thus requiring requestors to seek the information through another, more restrictive, means. In *Newport*, the agency unambiguously implemented and followed a clear policy. *See id.* at 163. In contrast, in this case, Plaintiffs have not sufficiently alleged that the CIA has a current policy or practice of categorically refusing to produce responsive documents electronically.

## IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that the Defendant's Partial Motion to Dismiss is GRANTED. Count II of the Complaint is hereby dismissed without prejudice. A separate order will issue.

**SO ORDERED.**

Dated: December 13, 2017

TREVOR N. MCFADDEN
United States District Judge